## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BENJAMIN MCGHEE,
          Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
SF-831M-20-0648-I-1

DATE: May 8, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Benjamin McGhee</u>, Spring Valley, California, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the calculation of an overpayment by the Office of Personnel Management (OPM). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

In this appeal, the appellant contended that OPM erroneously determined he received an overpayment of Civil Service Retirement System (CSRS) benefits caused by an error in the apportionment of his former spouse's annuity. Initial Appeal File (IAF), Tab 1 at 12. He stated that OPM had issued a July 20, 2020 final decision finding that he had received an overpayment, but he did not include a copy of that decision with his appeal. *Id.* On January 27, 2021, OPM moved to dismiss the appeal on the basis that it had not issued an initial or final decision on the appellant's claim, and the appellant had not provided one.[2] IAF, Tab 8 at 4. Because he found that OPM had not issued a final decision on the alleged overpayment, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision at 3.

With his petition for review, the appellant provides a copy of OPM's July 20, 2020 final decision. Petition for Review (PFR) File, Tab 1 at 3-8. OPM has filed a response to the appellant's petition for review, asserting that the petition fails to meet the criteria for Board review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The issue of Board jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Hasanadka v. Office of Personnel Management*, 116 M.S.P.R. 636, ¶ 19 (2011). The Board has jurisdiction to adjudicate an individual's rights and interests under the CSRS only after OPM has rendered a final or reconsideration

---

[2] This is the appellant's second appeal on this matter. In the first appeal, OPM rescinded its final decision finding that the appellant had received an overpayment, and notified the Board that it would be issuing a new final decision on the appellant's claim. *McGhee v. Office of Personnel Management*, MSPB Docket No SF-831M-20-0278-I-1, Initial Decision (June 17, 2020). Because the Board no longer has jurisdiction over an appeal when OPM has rescinded its final decision, the administrative judge appropriately dismissed the appeal. *Id.* at 2; *Frank v. Office of Personnel Management*, 113 M.S.P.R. 164, ¶ 7 (2010).

decision on the issue in question. 5 U.S.C. § 8347(d)(1); *Newman v. Office of Personnel Management*, 93 M.S.P.R. 159, ¶ 5 (2002); 5 C.F.R. § 831.110.

We are troubled by OPM's erroneous assertion in January 2021 that it had not issued a final decision in the matter, IAF, Tab 8 at 4, when in fact it had.[3] Because the record now shows that OPM issued a final decision in this matter and that the appellant timely filed his appeal of that final decision, IAF, Tab 1; PFR File, Tab 1 at 3-8, we find that the Board has jurisdiction over the appeal, and remand the appeal to the Western Regional Office for adjudication. 5 U.S.C. § 8347(d)(1); *Newman*, 93 M.S.P.R. 159, ¶ 5; 5 C.F.R. § 831.110.

## ORDER

For the reasons discussed above, we REMAND this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[3] We are further troubled by OPM's assertion in its response to the petition for review that the appellant's petition fails to meet the Board's criteria for review. PFR File, Tab 4 at 4. Instead, as noted above, the appellant's petition for review shows that, contrary to OPM's assertions, OPM issued a final decision on the overpayment at issue on July 20, 2020, which clearly establishes Board jurisdiction over the appeal. PFR File, Tab 1 at 3-8; 5 U.S.C. § 8347(d)(1); *Newman*, 93 M.S.P.R. 159, ¶ 5; 5 C.F.R. § 831.110. Strikingly, on review, OPM made no attempt to explain its earlier erroneous statement regarding the issuance of its final decision.